# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONALD R. JOHNSON, ET AL.                          CIVIL ACTION

VERSUS

JEFFERY LANDRY, ET AL.                          NO. 26-00210-BAJ-RLB

## ORDER

Before the Court is Defendants' **Motion For Rule 3(b) Transfer To The Clark Court (Doc. 21, the "Motion")**. Plaintiffs filed an opposition to the Motion (Doc. 24), followed by a Motion for Leave of Court to Withdraw their Opposition. (Doc. 26). Defendants filed a Reply in support of their Motion. (Doc. 29).

Local Civil Rule 3(b) requires that whenever a civil matter commenced in the Court "involves subject matter that comprises all or a material part of the subject matter or operative facts of another action . . . [that is] then or previously pending in any court[,]" the action "shall be transferred to the section with the lowest docket number," "unless the two Judges involved determine that some other procedure is in the interest of justice."

Defendants argue that this action should be transferred to the Court presiding over *Clark v. Edwards*, No. 3:86-cv-435 (M.D. La.) ("*Clark*"), because this action shares significant subject matter and operative facts with the pending litigation in *Clark*.

## I.     PROCEDURAL HISTORY

The Court in *Clark v. Edwards* determined that Louisiana's then-operative system for electing judges in the state diluted the votes of minority citizens in violation of the Voting Rights Act. (*Clark*, Doc. 634 at 1). The Court then approved a consent decree mandating the creation of subdistricts for certain courts, including the 19th Judicial District Court, which was affected by the dilution of minority votes. (*Clark*, Doc. 634). In June 2025, the Louisiana Legislature enacted Act 243, which redistricted judicial election maps.

On July 1, 2025, *Clark* plaintiff-intervenors, including Plaintiff Donald R. Johnson, applied for a temporary restraining order that would "[e]njoin[] [d]efendants from administering, preparing for, or conducting any judicial election using Act 243[,]" claiming that the Act is "in direct violation of this Court's permanent injunction and final judgment in *Clark v. Edwards*[.]" (*Clark*, Doc. 737 at 2, 5).

On July 2025, Judge deGravelles issued an Order staying that matter pending the United States Supreme Court's ruling on *Louisiana v. Callais*, No. 24-CV-00109 (M.D. La.), another Louisiana voter redistricting case. The July 2025 Order also requires the parties to file briefs describing the impact of *Callais* on the issues remaining in the *Clark* case within 30 days of the Supreme Court's decision. The Supreme Court has not yet issued a Ruling in *Callais*.

In February 2026, Plaintiffs initiated the instant action, seeking a declaratory judgment deeming Act 243 "not enforceable unless and until changes in subdistricts created thereby are approved by the Court in *Clark v. Edwards*." (Doc. 1 ¶ 24).

2

Plaintiffs claim that the Louisiana Legislature violated both *Clark's* consent decree and their procedural due process rights when it enacted Act 243, which redistricts the 19th Judicial District Court's subdistricts, without first seeking judicial modification of *Clark's* consent decree and Judgment.

Plaintiffs filed an Opposition (Doc. 24) but subsequently filed a Motion For Leave Of Court To Withdraw their Opposition To Defendants' Motion For Rule 3 Transfer (Doc. 26). Therefore, the Court will not consider Plaintiffs' Opposition.

## II.    ANALYSIS

Local Rule 3(b) dictates that the Court must transfer this action to the Judge presiding over the case with the lowest docket number—that is, *Clark*—if this Court finds that this action shares "subject matter that comprises all or a material part of the subject matter or operative facts" with *Clark*. Defendants argue that this action is closely related to *Clark v. Edwards* so as to mandate transfer to the *Clark* court. Plaintiffs do not oppose Defendants' Motion.

This Court finds that the above-titled action involves subject matter that substantially overlaps with the subject matter in *Clark*, such that transfer is required. As previously described, the *Clark* plaintiffs asked the court to enjoin Act 243. (*Clark*, Doc. 737 at 2, 5). Here, Plaintiffs characterize themselves as "class members of the class certified [by] this Court as *Clark*" that "bring this suit for a declaratory judgment establishing that certain recent actions by the State of Louisiana are in violation of the judgment in *Clark*[.]" (Doc. 1 at 1–2). Plaintiffs also claim that Act 243 was unlawful because the Louisiana Legislature enacted it

"without seeking any modification of the judgment and consent decree in *Clark*[.]" (*Id.* at 7). Plaintiffs assert that Act 243 "materially altered the decretal outcomes of *Clark's* judgments . . . to the prejudice of Plaintiffs' *Clark*-vested rights" and seek declaratory relief declaring Act 243 as unenforceable unless subdistrict charges are "approved by the Court in *Clark v. Edwards*[.]" (*Id.* at 7–8, 10).

In essence, the *Clark* plaintiffs also asked the Court to enjoin Act 243. Plaintiffs here, purported class members of the class certified as *Clark*, now ask the Court to issue a declaratory judgment deeming Act 243 unenforceable. Thus, there is clear and significant overlap between this action and *Clark*.

Further, the interest of justice does not require this Court to preside over the action. The *Clark* plaintiffs will have the opportunity to argue their case before Judge deGravelles. Moreover, transfer of this action will promote judicial economy, conserve judicial resources, and avoid potential conflicting Court Rulings.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion For Rule 3(b) Transfer To The *Clark* Court (Doc. 21)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Civil Action No. 26-cv-00210-BAJ-RLB is hereby **TRANSFERRED** to the Hon. Judge John W. deGravelles and the Hon. Magistrate Judge Erin Wilder-Doomes for all further proceedings.

**IT IS FURTHER ORDERED** that a copy of this Transfer Order shall be entered in both actions.

4

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion For Leave Of Court To Withdraw Plaintiffs' Opposition To Defendants' Motion For Rule 3 Transfer (Doc. 26)** is **DENIED** as **MOOT.**[1]

Baton Rouge, Louisiana, this 28th day of April, 2026

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Because the parties' briefing addresses the issue of misquoted and misstated law in Plaintiffs' Opposition brief, the Court will not strike it from the record at this time, to allow for the proper resolution of the issue at a later time.

5